IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No.  10-cv-02805-LTB

STEPHANIE C. MARTINEZ,

        Plaintiff,

v.

DEX MEDIA, INC, an R.H. Donnelley Company, a Delaware Corporation doing business in Colorado,

        Defendant.

_____

ORDER
_____

This matter is before me on Defendant Dex Media's Motion to Dismiss with Prejudice **[Doc #6]**.  In its motion, Defendant seeks to dismiss Plaintiff's complaint with prejudice as barred pursuant to bankruptcy law and a bankruptcy court's orders.  After consideration of the parties' arguments, and for the reasons stated below, I GRANT Defendant's motion.

## I. Background

### A. Plaintiff's Claims

Plaintiff is a 51-year-old Hispanic woman who worked for Defendant in Colorado Springs, Colorado, as an advertising consultant from approximately November 1989 until her termination on April 2, 2009.  She alleges that Defendant discriminated against her with respect to the terms and conditions of her employment and discharged her on April 2, 2009, due to her age and national origin.  On or about April 28, 2009, Plaintiff filed a union grievance regarding the above.  On or about May 22, 2009, Plaintiff also filed a complaint with the Equal

Employment Opportunity Commission (the "EEOC").  Defendant participated in the proceedings and processes concomitant with both filings.  Then, on or about August 20, 2010, Plaintiff received EEOC's notice of right to sue.  Plaintiff subsequently filed this lawsuit on November 16, 2010, alleging age and national origin discrimination claims against Defendant pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 633, *et seq.*, and 42 U.S.C. § 1981.

### B. Defendant's Bankruptcy Proceedings

Defendant is a subsidiary of R.H. Donnelley Company, a Delaware corporation doing business in Colorado.  On May 28, 2009 (the "Petition Date"), R.H. Donnelley and some of its subsidiaries, including Defendant (collectively, the "Debtors"), filed Chapter 11 bankruptcy petitions under Title 11 of the United States Code.  On June 1, 2009, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), entered an order consolidating the Debtors' Chapter 11 cases.  Defendant filed its list of creditors and potential creditors (the "Creditor Matrix") with the Bankruptcy Court at this time.   The Creditor Matrix listed Plaintiff at her last known address (14 Polo Drive, Colorado Springs, CO 80906).

On September 11, 2009, the Bankruptcy Court entered an order (the "Bar Date Order") establishing October 30, 2009, at 4:00 p.m. EST (the "Bar Date") as the deadline for parties, other than governmental entities, holding claims against one or more of the Debtors arising on or prior to the Petition Date to file proofs of claim.  The Bar Date Order prescribed that any person or entity that was required to file a proof of claim, but failed to do so on or before the Bar Date, shall be forever barred, estopped, and enjoined, from asserting a claim against the Debtors or thereafter filing a proof of claim with respect thereto in Debtors' Chapter 11 cases.  It also

prescribed that such person shall not receive or be entitled to receive any payment or distribution

of property from the Debtors or their successor or assigns with respect to such claim.  Written

notice of the Bar Date Order was mailed to all of the Debtors' known creditors via First-Class

U.S. mail pursuant to Fed. R. Bankr. P. 2002.  Additionally, the Debtors published notice of the

Bar Date in the national editions of the *Wall Street Journal* and *USA Today* on October 7, 2009.

On October 21, 2009, the Debtors filed their joint plan of reorganization with the

Bankruptcy Court (the "Plan").  Written notice of the hearing to confirm the Plan was mailed to

all of the Debtors' known creditors.  Debtors again published this notice in the national editions

of the *Wall Street Journal* and *USA Today* on November 24, 2009.

On January 12, 2010, the Bankruptcy Court entered an order confirming the Plan (the

"Confirmation Order").  The Plan became effective on January 29, 2010 (the "Effective Date").

Consistent with 11 U.S.C. § 1141, the Confirmation Order provides that as of the Effective Date,

each party that has held, currently holds, or may hold a claim, debt, right, or cause of action

"shall be deemed to, completely and forever release, waive, void, extinguish, and discharge

unconditionally [Defendant] of and from any all claims and all other debts, rights, or causes of

action of any nature whatsoever."  Def.'s Mot. to Dismiss ¶ 8.  Consistent with 11 U.S.C. § 524,

the Confirmation Order also provides that discharge operates as an injunction against the

commencement or continuation of an action; the employment of process; or an act to collect,

recover, or offset any such debt against Defendant.  *See* 11 U.S.C. § 524.  The reorganized

Debtors mailed written notice of the Effective Date to all of their known creditors.

### C. Defendant's Motion

Defendant argues in its motion that pursuant to bankruptcy law and the Bankruptcy Court's orders, Plaintiff's claims were discharged and are barred, and therefore Plaintiff's complaint should be dismissed with prejudice. Defendant asserts that Plaintiff received actual notice of its bankruptcy proceedings because Defendant sent proper notice to her at her last known address. Defendant further asserts that Plaintiff failed to submit a proof of claim before the Bar Date, which she was required to do in order to preserve her claims. Nor did she file an objection to the confirmation of the Plan. Defendant argues that Plaintiff's claims are therefore discharged and forever barred, that Plaintiff is not entitled to distribution under the Plan, and that the continued prosecution of her claims violates the Bankruptcy Court's orders and bankruptcy law. Accordingly, Defendant contends that Plaintiff's claims should be dismissed with prejudice.

## II. Analysis

### A. Law

In a Chapter 11 bankruptcy, the confirmation of a debtor's plan of reorganization "discharges the debtor from any debt that arose before the date of such confirmation . . . whether or not– a proof of the claim based on such debt is filed," except for those debts provided for in the plan or in the order confirming the plan. 11 U.S.C. § 1141(d)(1)(A)(I). "Debt" means "liability on a claim," and "claim" is defined to include the right to payment, whether or not such right is reduced to judgment, liquidated, fixed, disputed, or the like. *Id.* § 101(12), (5). Similarly, a bankruptcy discharge "voids any judgement at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt

discharged under [section 1141], whether or not discharge of such debt is waived." *Id.* §

524(a)(1).   With a few exceptions that are inapposite here, principles of res judicata apply to

bankruptcy proceedings and orders.   *In re DePaolo*, 45 F.3d 373, 376 (10th Cir. 1995).   But a

creditor's claim can be barred for untimeliness only if the creditor received reasonable notice of

the debtor's bankruptcy and the attendant proceedings.   *See Reliable Elec. Co., Inc. v. Olson.*

*Const. Co.*, 726 F.2d 620, 623 (10th Cir. 1984).   A discharge also "operates as an injunction

against the commencement or continuation of an action, the employment of process, or an act, to

collect, recover or offset any such debt as a personal liability of the debtor . . . ."   11 U.S.C. §

524(a)(2).   Whether a claim was discharged and is barred thus involves asking if the claim

holder received adequate notice and whether the holder submitted a proof of claim so as to have

it included in the plan or confirmation.

    Notice to creditors and potential creditors is an essential part of a bankruptcy proceeding

because creditors must be afforded due process.   *See Mullane v. Cent. Hanover Trust Co.*, 339

U.S. 306 (1950).   A claim will not be discharged "if the debtor fails to properly schedule the

claim and the creditor does not receive notice of the debtor's bankruptcy and the relevant filing

dates."   *In re Walker*, 927 F.2d 1138, 1144 (10th Cir. 1991); *accord Reliable*, *supra*.   In fact, a

creditor in a Chapter 11 case has a "right to assume" that he will receive all of the notice

required by statute before his claim is forever barred.   *Reliable*, 726 F.2d at 622 (quoting *New*

*York v. New York, New Haven & Hartford R.R. Co.*, 344 U.S. 293, 297 (1953)).

    To this end, Fed. R. Bankr. P. 2002 mandates that all creditors receive advance notice by

mail of the time fixed for filing proofs of claims and for filing objections to the confirmation of a

Chapter 11 plan.   Fed. R. Bankr. P. 2002(a)(7), (b).   Notice sent by First Class U.S. mail to the

last known address of a creditor "satisfies due process because it is 'reasonably calculated' to inform the creditor of the bar date for filing proofs of claim." *In re Eagle Bus. Mfr., Inc.*, 62 F.3d 730, 736 (5th Cir. 1995); *see In re Schicke*, 290 B.R. 792, 801 n.20 (B.A.P. 10th Cir. 2003), *aff'd*, *In re Schicke*, 97 Fed. Appx. 249 (10th Cir. 2004).  This is because "[p]apers sent by United States mail are presumed received by the addressee, absent evidence to the contrary." *Schicke*, 290 B.R. at 801 n.20 (B.A.P. 10th Cir. 2003) (finding that because it was undisputed that the bankruptcy court sent the notice to the creditor to the address listed in the debtor's schedule, it must be presumed that the addressee received the notice);   *Eagle*, 62 F.3d at 735 (5th Cir. 1995) ("correctly mailed notice creates a presumption that proper notice was given"). A mere denial of receipt "is insufficient to rebut a presumption that proper notice was given." *Eagle*, 62 F.3d at 735 (citing *Moody v. Bucknum*, 951 F.2d 204, 207 (9th Cir. 1991); *In re Longarnder & Assocs.*, 855 F.2d 455, 459 (7th Cir. 1988)).  Instead, the presumption of proper notice can be overcome only by evidence that the mailing was not in fact accomplished–for example, with evidence that notice was never mailed, it was incorrectly addressed, or that no creditor received notice.  *See Eagle*, 62 F.3d at 735-36; *see also Schicke*, 290 B.R. at 800 n.17.

Turning to the submission of a proof of claim, Fed. R. Bankr. P. 3003(c)(2) prescribes that  "[a]ny creditor . . . whose claim or interest is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim or interest within the time prescribed by subdivision (c)(3) of this rule . . . ."   The bankruptcy court establishes the deadline for filing a proof of claim.  Fed. R. Bankr. P. 3003(c)(3).  A creditor who must file a proof of claim but fails to do so shall not be treated as a creditor with respect to such claim for the purposes of voting and distribution.  *Id.*  Moreover, the confirmation of a plan "discharges the debtor from any debt

that arose before the date of such confirmation," except for those debts provided for in the plan or in the order confirming the plan.  11 U.S.C. § 1141(d)(1)(A)(i).

### B. Discussion

Defendant contends that, under the law explicated above, Plaintiff's instant claims were discharged and are barred and therefore should be dismissed with prejudice.  Plaintiff disagrees, arguing in response that her due process rights were violated and that Defendant had an affirmative duty to make additional disclosures during the EEOC and union grievance processes. For the reasons explained below, I grant Defendant's motion.

As a matter of law, Defendant afforded Plaintiff due process.  Plaintiff and her last known address were listed in Defendant's Creditor Matrix.  Defendant sent all those listed in the Creditor Matrix the requisite notices via First Class U.S. mail.  In so doing, Defendant satisfied due process requirements and bankruptcy rules.  *Eagle*, 62 F.3d at 736; *see Schicke*, *supra*. Defendant also established a presumption of receipt, *see Schicke*, 290 B.R. at 801 nn.17, 20, thus shifting the burden to Plaintiff to show evidence that notice was improperly sent.

Plaintiff fails to marshal such evidence.  She does not contend that her address was incorrect, that no other creditor received the notices, or that the notices were never in fact sent. Instead, Plaintiff merely denies receiving any notice.  But denial alone is insufficient to rebut the presumption.  *Eagle*, 62 F.3d at 736.  Plaintiff's citation to *Reliable*, *supra*, as support for her argument on this point is misplaced.  In *Reliable*, the creditor seeking to overturn a discharge was not listed in the debtor's schedule as a creditor and, as a result, did not receive any notice. *Reliable*, 726 F.2d at 621.  Here, however, Plaintiff and her last known address were listed by Defendant in its Creditor Matrix.

Because Plaintiff cannot find refuge under a due process challenge, the Bankruptcy Court's orders and bankruptcy law control. Plaintiff was required to submit a proof of claim by the Bar Date. *See* Fed. R. Bankr. P. 3003(c)(2). She did not, so her claim was not listed in the Plan. And the Plan's confirmation discharged Defendant from all debts that arose before plan confirmation that were not otherwise provided for in the Plan or the Confirmation Order. *See* 11 U.S.C. § 1141(d)(1)(A). Plaintiff's claims arose before the Plan was confirmed: her claims arose, at the latest, when she was terminated on April 28, 2009, and the Plan was confirmed on January 12, 2010. Thus, pursuant to the two orders, to which res judicata applies, and bankruptcy law, Plaintiff's claims are forever barred. Additionally, Plaintiff is enjoined from bringing her claims, and she shall not receive or be entitled to receive any payment or distribution from the Defendant with respect to her claims. This is because Defendant's bankruptcy discharge "void[ed] any judgement at any time obtained" and "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor . . . ." *Id.* § 524(a)(1), (2).

Plaintiff also argues that her claims were not discharged because Defendant had an affirmative duty to disclose its bankruptcy. She contends that Defendant should have disclosed its bankruptcy to the EEOC or to her union representative during the appurtenant proceedings and that Defendant's failure to do so misled her. This argument is unavailing and does not warrant avoidance of discharge, and I decline to address is substantively for two reasons. First and foremost, the argument is a naked assertion devoid of legal support. Plaintiff does not cite any legal authority for her proposition. Second, Plaintiff fails to explain how the breach of such

8

duty, assuming it existed, would overcome the fact that Defendant provided Plaintiff proper notice as a matter of law by mail and would also result in avoidance of discharge as to her claims.

For the reasons set forth above, IT IS ORDERED that Defendant's Motion to Dismiss with Prejudice **[Doc #6]** is GRANTED.

Date: July ___29___, 2011 in Denver, Colorado.

BY THE COURT:

_____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, JUDGE

9